1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    MIDFIRST   BANK,   an   Oklahoma)        No. CV 08-1176-PHX-MHM
     corporation                     )
10                                   )        **ORDER**
                    Plaintiff,       )
11                                   )
     vs.                             )
12                                   )
                                     )
13   ZYGMUNT MULAVA, an Illinois citizen)
                                     )
14                  Defendant.       )
     ─────────────────────────────────)
15
16       On June 25, 2008, MidFirst Bank ("Plaintiff") filed a complaint against Zygmunt Mulava
17   ("Defendant") asserting claims of Breach of Contract (Count I) and Fraud (Count II).  (Dkt.
18   #1, pp. 3-5).  Defendant failed to respond to the complaint and on October 2, 2008, the Clerk
19   entered an order of default against Defendant pursuant to Federal Rule of Civil Procedure
20   55(a).  (Dkt. #9).  Plaintiff now moves for default judgment.

21   **I. BACKGROUND AND PROCEDURAL HISTORY**

22       Plaintiff MidFirst Bank is a federally chartered savings association based in Oklahoma.
23   Defendant Mulava is an Illinois citizen who owned property in Arizona.  (Dkt. #1, p. 1).
24   Defendant applied for a second lien home equity line of credit ("HELOC") with MidFirst on
25   May 17, 2007.  (Id. at 2). Defendant stated that his gross income was $20,000 per month and
26   that the HELOC would be used for home improvements on his Arizona property.  On July
27   6, 2007, Plaintiff and Defendant closed on the HELOC in the amount of $130,000.
28   Defendant agreed to repay the outstanding principal and interest at the rate of 8.25% per

1    annum and executed and delivered a deed of trust (recorded August 15, 2007) that gave
2    Plaintiff a security interest in Defendant's Arizona property.  Plaintiff then mailed home
3    equity checks to Defendant, and on July 31, 2007, Defendant wrote one of the checks
4    payable to himself in the amount of $130,000. (Id.)

5        The HELOC agreement required Defendant to make monthly payments on the outstanding
6    principal balance, stated that Defendant would be in default if he failed to make the minimum
7    monthly payments, and provided that the amount owed to Plaintiff could be accelerated upon
8    default (in which case Defendant would have to pay the total principal plus any finance
9    charges that accrued through the acceleration date.). (Id. at 2-3). Defendant's first payment
10   was due on September 6, 2007, but he has failed to make any payments and is in default of
11   the HELOC agreement. (Id. at  3). On October 22, 2007, Plaintiff notified Defendant that he
12   was in default and that if the default was not cured within 35 days, Plaintiff would accelerate
13   the amount due. (Id.)

14       On June 25, 2008, Plaintiff filed suit against Defendant, first arguing that Defendant
15   breached a contract with Plaintiff by failing to pay any of the money owed under the HELOC
16   agreement. Second, Plaintiff argued that Defendant perpetrated a fraud on Plaintiff by
17   representing that his income was $20,000 per month, that his intended use of the HELOC
18   money was for home improvements, and that he would repay any advance on the HELOC.
19   (Id. at 4).  Plaintiff asserts that these representations were both material and false, and that
20   Defendant knew they were false, citing his almost immediate usage of the full line of credit
21   just days after the HELOC closed and his failure to repay any of the money.  (Id.)  Plaintiff
22   argues that Defendant acted willfully and in bad faith when he made the misrepresentations
23   to induce Plaintiff to provide the HELOC funds. (Id. at 5.)  Plaintiff alleges that Defendant
24   knew that Plaintiff would not have provided the HELOC had he not made the
25   misrepresentations. Plaintiff claims to have been unaware of the falsity of the representations
26   and that it relied on his promise to repay the funds.  Plaintiff argues that they actually relied
27   on Defendant's representations by advancing $130,000 to Defendant under the HELOC

28

agreement and that they were damaged due to their reliance on Defendant's representations in the amount of $130,000, plus accrued interest, attorneys' fees, and costs. (Id.)

On August 27, 2008, Plaintiff served Defendant with the complaint. (Dkt. #8, Exhibit 1 (Affidavit of Ryan M. Schultz at ¶ 3), Exhibit A (Affidavit of Service)). Defendant failed to file responsive pleadings. As such, on October 1, 2008, Plaintiff filed an application for entry of default, and the Clerk of Court entered default against Defendant on October 2, 2008 pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. #8; Dkt. #9).

Plaintiff requests that judgment be entered in its favor against Defendant for the principal sum of $130,000, interest on the principal from July 31, 2007, attorneys' fees in the amount of $9998.50, costs in the amount of $442.20, and interest on the fees and costs. (Dkt. #10-5).

**II. DISCUSSION**

Entry of default judgment is governed by Fed. R. Civ. P. 55 and is left to the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). After entry of default by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a), the Court may grant default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the sequential two-step process under Fed. R. Civ. P. 55). Factors that a district court may consider in exercising its discretion include the following:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id., 782 F.2d at 1471-72. After default has been entered by the Clerk of the Court, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987). "A party seeking default judgment must state a claim upon which it may recover." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003). Furthermore, a plaintiff must prove all damages sought in the complaint. Id. at 498; Fed. R. Civ. P. 55

1   (b)(2) ("In determining damages, a court can rely on the declarations submitted by the
2   plaintiff.").

3       Plaintiff has satisfied the procedural requirements for default judgment against Defendant.
4   Plaintiff (1) submitted an application for entry of default and affidavit on October 1, 2008
5   (Dkt. #8), which (2) prompted the Clerk of the Court to enter default against Defendant on
6   October 2, 2008 (Dkt. #9). Plaintiff's request for relief neither differs from nor exceeds that
7   prayed for in the complaint. The application for default judgment complies with the Federal
8   Rules of Civil Procedure. Accordingly, the Court need only analyze the Eitel factors to
9   determine whether default judgment is appropriate in this case.

10       In considering the Eitel factors, the Court takes all factual allegations in Plaintiff's
11   complaint as true, except for those relating to damages. TeleVideo, 826 F.2d at 917-18.
12   Under the first factor, Plaintiff will be prejudiced if default judgment is not granted because
13   it would be deprived of its day in court, the only available avenue to collect amounts owed
14   by Defendant, merely because Defendant refuses to defend the action. This action is the only
15   means Plaintiff has to establish Defendant's liability for breach of contract and fraud. Absent
16   entry of a default judgment, Plaintiff will be deprived of a remedy.

17       As to the second factor, the complaint specifically sets forth the nature of the allegations
18   leveled against Defendant. (Dkt. #1, pp. 2-5). Plaintiff adequately pled its claims in the
19   complaint, detailing the breach of contract by the Defendant and the fraud Defendant
20   engaged in to get $130,000 from the HELOC agreement. (Id.) The complaint is sufficient
21   both legally and factually, and the Court finds that Plaintiff has demonstrated the merits of
22   the claims.

23       As to the third factor, Defendant's failure to answer constitutes an admission to the
24   averments contained in the complaint under Fed. R. Civ. P. 8(d), and the Court must accept
25   these allegations as true. As such, the first three Eitel factors favor entry of default judgment
26   against Defendant.

27       Pursuant to the fourth Eitel factor, the Court considers the amount of money at stake in
28   relation to the seriousness of Defendant's conduct. Eitel, 782 F.2d at 1471-72. Plaintiff has

detailed the amount of money at stake and undoubtedly stands to lose a substantial amount if Defendant continues to refuse to respond to the allegations. As such, the Court finds that this factor favors granting default judgment against Defendant.

As to the fifth factor, on entry of default all well-pleaded facts in the complaint are taken as true, except those relating to damages. TeleVideo, 826 F.2d at 917-18. Defendant has been given a great deal of time to answer Plaintiff's complaint and deny the averments contained therein, but has failed to do so. Essentially, no dispute has been raised regarding material averments of the complaint. Thus, this factor also favors the entry of default against Defendant.

The sixth Eitel factor considers the possibility that default resulted from excusable neglect. "Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Phillip Morris USA, 219 F.R.D. at 500-01 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Here, the record demonstrates that the Defendant was properly served with the complaint on August 27, 2008. (Dkt. #8-2). Defendant has failed to answer or otherwise plead in response to the complaint, and the period provided for filing such a response under 12(a), as set forth in Rule 4 of the Federal Rules of Civil Procedure, has expired. As such, the possibility that default resulted from excusable neglect appears to be remote. Accordingly, this factor favors granting default judgment against Defendant.

"Moreover, Defendant[s'] failure to answer [Plaintiff's] complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo, Inc. v. Cal. Sec. Cans., 238 F. Supp. 2d 1172, 1177. This is what has occurred in the instant case since Defendant's refusal to acknowledge this action renders adjudication on the merits before this Court impossible. Thus, the seventh Eitel factor does not preclude the Court from entering default judgment against Defendant. After considering each Eitel factor, the Court finds that default judgment against Defendant is appropriate.

Finally, the Court notes that Plaintiff's proposed form of judgment includes "Plaintiff's reasonable attorneys' fees in the amount of $9,998.50." (Dkt. #10-5).  Plaintiff, however, has not moved for attorneys' fees.  In light of the posture of this case and the information presented, the Court is unable to conclude that such a sum is "reasonable."  In addition, Plaintiff's submitted "Chronology of Fees" includes work seemingly unrelated to this case, particularly that of attorney Leonard S. Shifflett.  (Dkt. #10-2).  Some examples include: "Draft of motion for extension of time ... research and draft motion to dismiss" (neither was filed in this case), "Draft letter to plaintiff's counsel demanding withdrawal of complaint" (Shifflett's firm represents Plaintiff), "Call from opposing counsel regarding schedule for response to motion to dismiss" (a motion to dismiss was not filed in this case, nor was there an "opposing counsel", and furthermore, Defendant's complete lack of response is what prompted Plaintiff's motion for default judgment). Id.  Accordingly, the Court declines to award attorneys' fees at this time.

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment is granted. (Dkt. #10).

**IT IS FURTHER ORDERED** awarding Plaintiff the principal sum in the amount of $130,000 plus interest at 8.25% pursuant to the HELOC agreement from July 31, 2007.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment accordingly.

DATED this 2nd day of March, 2009.

Mary H. Murguia
United States District Judge